JILL H. COFFMAN, NY BAR 2307098
CHRISTY J. KWON, CA BAR 217186
MATTHEW C. PETERSON, CA BAR 244970, Counsel for Service
JASON P. WONG, AZ BAR 024940
National Labor Relations Board, Region 20
901 Market Street, Suite 400
San Francisco, California  94103-1735
Telephone Number: (415) 356-5171
Matt.Peterson@nlrb.gov

Attorneys for Petitioner

DWIGHT L. ARMSTRONG, BAR NO. 075716
ALEXANDER NESTOR, BAR NO. 202795
Allen Matkins Leck Gamble Mallory & Natsis LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111-4074
Telephone Number:  (415) 837-1515
darmstrong@allenmatkins.com
anestor@allenmatkins.com

Attorneys for Respondent

MATTHEW J. GAUGER, BAR NO. 139785
GARY P. PROVENCHER, BAR NO. 250923
Weinberg, Roger & Rosenfeld, A Professional Corporation
428 J Street, Suite 520 Sacramento, California 95814
Telephone (916) 443-6600
mgauger@unioncounsel.net
gprovencher@unioncounsel.net

Attorneys for Charging Party

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH F. FRANKL, Regional Director of Region 20 of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,<br><br>                    Petitioner,<br><br>    vs.<br><br>SQUIRES LUMBER COMPANY INC.,<br><br>                    Respondent. | Civil No.  2:16-cv-00534-KJM-KJN<br><br>STIPULATION AND ORDER CONTINUING CASE UNDER 29 U.S.C. § 160(j) |

IT IS HEREBY STIPULATED AND AGREED by and between Petitioner, Joseph F. Frankl, Regional Director of Region 20 of the National Labor Relations Board (the Board), the Charging Party, Carpenters Local 2236 (the Union), and Respondent, Squires Lumber Company, Inc., by their respective attorneys, and subject to the approval of the Court, that:

1.  After securing authorization from the Board, the Petitioner, for and on behalf of the Board, filed a petition with this Court pursuant to Section 10(j) of the National Labor Relations Act, 29 U.S.C. Section 160, seeking a temporary injunction against Respondent, pending the final administrative disposition of certain unfair labor practice charges now pending before the Board, from violating Section 8(a)(l), (2), (3) and (5) of the Act. (29 U.S.C. Section 158(a)(l), (2), (3), and (5)).

2.  On April 8, 2016, Administrative Law Judge Mary Miller Cracraft (ALJ) issued a decision and order in Case JD(SF)-18-16 finding that Respondent had violated the Act and ordering Respondent to cease and desist from engaging in certain unfair labor practices, and to affirmatively engage in certain conduct ("Order").  *See* Exhibit 1.

3.  All parties agree that no exceptions to the Order will be filed.  Accordingly, if no exceptions are filed, the findings, conclusions and recommended Order of the ALJ will be adopted by the Board and all objections to them shall be waived for all purposes.

4.  In consideration of the following undertakings of Respondent, the Petitioner and the Union agree that the hearing before the Court on this petition shall be postponed indefinitely and that this cause of action shall be placed on the Court's inactive docket.

5.  The parties further agree that, pending the Board's final administrative adjudication of Board Cases 20-CA-160279; 20-CA-162074; 20-CA-162418; 20-CA-162722; 20-CA-162732; 20-CA-162834; 20-CA-166576; and 20-CA-165730, Respondent, its officers, agents, successors and assigns, shall cease and desist from:

    (a) Failing and refusing to recognize and bargain in good faith with the Northern California Carpenters Regional Council, Carpenters Local 2236, United Brotherhood of Carpenters

and Joiners of America (the Union) as the exclusive collective-bargaining representative of the employees in the following unit (the Unit):

> All regular, full-time millworker employees directly employed by Respondent at its Suisun City, California, facility;

  (b)  Disciplining or firing employees because of their union support or affiliation;

  (c)  Prohibiting its employees from removing their hard hats when on break unless sitting at the break table or in their vehicles; temporarily moving a portable toilet inside from outdoors to the warehouse near its employees' break and work areas; refusing to allow its millworkers to use the indoor sink for hand washing before meal and rest breaks; locking its internal office door during business hours; or making other workplace changes in order to discourage employees from engaging in union activity;

  (d)  Unilaterally changing its hard hat policy or otherwise unilaterally changing employees' terms and conditions of employment without first giving the Union notice and an opportunity to bargain; and

  (e)  In any like or related manner interfering with, restraining, or coercing employees in the exercise of their Section 7 rights.

6.  The parties further agree that, pending the Board's final administrative adjudication of Board Cases 20-CA-160279; 20-CA-162074; 20-CA-162418; 20-CA-162722; 20-CA-162732; 20-CA-162834; 20-CA-166576; and 20-CA-165730, Respondent, its officers, agents, successors and assigns, shall take the following affirmative steps:

  (a)  On request recognize and bargain in good faith with the Union as the exclusive collective-bargaining representative of the employees in the Unit;

  (b)  Rescind, at the Union's request, the prohibition against employees removing their hard hats when on break unless sitting at the break table or in their vehicles, and provide notice to the Union and an opportunity to bargain over any future proposed changes with respect to wages, hours and other terms and conditions of employment;

(c)     Within five (5) business days of the District Court's approval of this Stipulation and Order, offer employee Bobby Saephan full reinstatement to the job position which he previously held, or to a substantially equivalent position if his position no longer exists, without prejudice to his rights and privileges, displacing, if necessary, any newly converted or hired outside applicants;

(d)     Within ten (10) business days of the District Court's approval of this Stipulation and Order, post copies of this Stipulation and Order, in English, at its facility in Suisun City, California, in all places where notices to its employees are normally posted; maintain these postings during the Board's administrative proceeding free from all obstructions and defacements; grant all employees free and unrestricted access to said postings; and grant to agents of the Board reasonable access to its facilities to monitor compliance with this posting requirement; and

(e)     Within ten (10) business days of the District Court's approval of this Stipulation and Order, hold a mandatory meeting or meetings, scheduled on working time to ensure the widest possible attendance, at which this Stipulation and Order is to be read to the millworker employees by a responsible management official in the presence of a Board Agent, or, at the Employer's option, by a Board Agent in that official's presence at its facility in Suisun City, California; and

(f)     Within twenty-one (21) days of the District Court's approval of this Stipulation and Order, file with the District Court and serve upon the Regional Director of Region 20 of the Board, a declaration under penalty of perjury from a responsible official describing with specificity the manner in which Respondent has complied with the terms of the Stipulation and Order, including the locations of the posted documents.

7.     The parties further agree that if, upon investigation and after providing Respondent with reasonable time to participate in such investigation, the Board concludes that there is reasonable cause to believe that Respondent, after the date the Court approves this Stipulation and Order, has failed to comply with paragraphs 5 or 6, above,

       (a)    the Board may by motion apply to this Court for, and shall be granted, notwithstanding any local rule of this Court, an expedited hearing to be conducted no less than seven (7) days after said motion is filed, for the purposes of determining whether such reasonable cause exists that Respondent has failed to comply with the undertakings described in paragraphs 5 or 6, above; and

       (b)    if, after such hearing and an opportunity for Respondent to be heard, the Court concludes that such reasonable cause as alleged by the Board does exist that Respondent has failed to comply with the undertakings described in paragraphs 5 or 6 above, Respondent shall withdraw its previous Opposition filed on April 8, 2016, and shall not contest that interim relief is just and proper under Section 10(j) of the Act, and the Court shall then enter a temporary injunctive order to require Respondent, pending the Board's final administrative adjudication of Board Cases 20-CA-160279; 20-CA-162074; 20-CA-162418; 20-CA-162722; 20-CA-162732; 20-CA-162834; 20-CA-166576; and 20-CA-165730, to cease and desist from the conduct as described in paragraph 5, above, and to comply with the affirmative conduct described in paragraph 6, above.

   8.    Unless the provisions of paragraph 7 are invoked by the Board, this case shall remain on the inactive docket of the Court pending the Board's final administrative adjudication of Board Cases 20-CA-160279; 20-CA-162074; 20-CA-162418; 20-CA-162722; 20-CA-162732; 20-CA-162834; 20-CA-166576; and 20-CA-165730, and within ten (10) days after final disposition of these unfair labor practice cases, currently pending before the Board, the Board shall cause this proceeding, including any injunctive order(s) issued by the Court pursuant to the provisions in paragraph 7, above, to be dismissed with prejudice and without costs to either party.

 /s/ Dwight Armstrong (as authorized on 4/20/16)      Date:  April 20, 2016
Dwight Armstrong
Attorney for Respondent
Allen Matkins Leck Gamble Mallory & Natsis LLP
Three Embarcadero Center, 12th Floor
San Francisco, CA 94111
(continued)

  /s/ Matthew C. Peterson                                    Date:  April 20, 2016
Matthew C. Peterson
Attorney for Petitioner
National Labor Relations Board, Region 20
901 Market Street, Suite 400
San Francisco, CA  94103-1735


  /s/ Matthew J. Gauger (as authorized on 4/20/16)           Date:  April 20, 2016
Matthew J. Gauger
Attorney for Charging Party
Weinberg, Roger & Rosenfeld, A Professional Corporation
428 J Street, Suite 520 Sacramento, California 95814


--o--

ORDER

The parties' Stipulation and Order to Continue Case Under Section 160(j) of the Act is hereby GRANTED.  This case is STAYED pending the Board's invocation of the provisions of paragraph 7 above, or the Board's dismissal of this case with prejudice within ten (10) days after final disposition of the unfair labor practice cases identified above, which occurs first in time.

**IT IS SO ORDERED.**

DATED AT Sacramento, California, this 20th day of April, 2016.

_____
UNITED STATES DISTRICT JUDGE